UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JOEWEALTH MATIAS | * | CIVIL ACTION |
| VERSUS | * | NO.: 09-3256 |
| TAYLORS INTERNATIONAL SERVICES, INC., GLOBAL SEAWAYS (PANAMA), INC., TARGET LOGISTICS, INC., MAINFREIGHT LIMITED, WILHELMSEN SHIP SERVICE, INC., BARWIL AGENCIES (N.A.), INC., and N.D. SHIPPING AGENCY & ALLIED SERVICES, INC. | *  *  *  * | SECTION: "I"  MAGISTRATE: "1"  IN ADMIRALTY/RULE 9(H) |

\*   \*   \*   \*   \*   \*   \*

**MEMORANDUM IN OPPOSITION TO
MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)**

MAY IT PLEASE THE COURT:

The defendant, Taylors International Services, Inc., has moved the Court to dismiss the plaintiff's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In its motion, the defendant alleges: "The complaint is devoid of requisite factual allegations, therefore making dismissal proper under *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007)." [Defendant's Memorandum in Support, p. 2]. For the following reasons, the plaintiff opposes the motion and urges the Court to deny it.

1.     **The Plaintiff's complaint adequately sets forth a cause of action for negligence, unseaworthiness and maintenance and cure.**

In his complaint, the plaintiff initially seeks recovery for personal injuries he suffered while employed by the defendants and/or while employed aboard a vessel owned and/or operated by the defendants. He has asserted causes of action for negligence under the Jones Act, 46 U.S.C. § 30104) or, alternatively, under Section 905(b) of the Longshore and Harbor Workers' Compensation Act. He has joined claims for unseaworthiness and maintenance and cure with his negligence claims. Paragraph 4 of the plaintiff's complaint sets forth the facts upon which these claims are based:

> On or about April 9, 2006, plaintiff was employed as a seaman aboard the M/V DREAM PRINCESS, a vessel owned and/or operated by the defendants, which vessel was in the navigable waters of the United States and within the jurisdiction of this Court. The vessel was docked in New Orleans, Louisiana, providing hurricane relief services following Hurricane Katrina. On that date, plaintiff was performing his assigned duties as a seaman aboard the vessel. In the course of performing those duties, suddenly and without warning and due to the negligence of the defendants and/or the unseaworthiness of the vessel, plaintiff was caused to sustain severe and disabling injuries due to the fact that he was overworked.

In response thereto, the defendant alleges that "Plaintiff merely restates conclusory elements of a negligence or unseaworthiness claim, untethered from any meaningful, underlying factual allegations." [Defendant's Memorandum in Support, p. 6.] In support of its position, the defendant relies upon the Supreme Court's decision in *Twombly, supra*. In a footnote in *Twombly*, the Court discussed the sufficiency of a negligence claim utilizing the forms contained in the Appendix to the Federal Rules of Civil Procedure. (The Court discusses Form 9 which pertained to negligence claims; the forms were rewritten in 2007 and Form 9 is now Form 11). The Court stated:

> Apart from identifying a 7-year span in which the § 1 violations were supposed to have occurred (i.e., "beginning at least as early as February 6, 1996 and continuing to the present,"…the pleadings mentioned no specific time, place, or person involved in the alleged

> conspiracies.  This lack of notice contrasts sharply with the model form for pleading negligence, Form 9, which the dissent says exemplifies the kind of "bare allegation" that survives a motion to dismiss…Whereas the model form alleges that the defendant struck the plaintiff with his car while plaintiff was crossing a particular highway at a specified date and time, the complaint here furnishes no clue as to which of the four ILECs (much less which of their employees) supposedly agreed, or when and where the illicit agreement took place. A defendant wishing to prepare an answer in the simple fact pattern laid out in Form 9 would know what to answer; a defendant seeking to respond to plaintiff's conclusory allegations in the § 1 context would have little idea where to begin.

*Twombly,* 127 S.Ct. at 1971, fn. 10.

Rule 84 of the Federal Rules of Civil Procedure provides:  "The forms in the Appendix suffice under these rules and illustrate the simplicity and brevity that these rules contemplate."  *See also, General Elec. Capital Corp. v. Posey*, 415 F.3d 391, 396 (5th Cir. 2005) ["Form 9 confirms the low bar that rule 8's notice pleading standard sets out."].  Form 9, which is now Form 11, contains the allegations necessary to set forth a complaint in negligence:

> 2. On *date*, at *place*, the defendant negligently drove a motor vehicle against the plaintiff.
>
> 3. As a result, the plaintiff was physically injured, lost wages or income, suffered physical and mental pain, and incurred medical expenses of $_____.

In his complaint, the plaintiff has set forth that on a particular date – April 9, 2006 - at a particular place – aboard the M/V DREAM PRINCESS – the plaintiff was injured because he was overworked, and the injuries were caused by the negligence of the defendants and/or the unseaworthiness of the vessel.  He has set forth his claim for damages in Paragraph 6, similar to the damages claim set forth in Paragraph 3 of Form 11.  These same allegations support his claim for maintenance and cure.  The allegations in support of the plaintiff's first two causes of action are sufficient under the Federal Rules and with Form 11 (formerly Form 9) which the Supreme Court cited approvingly in *Twombly* as it concerns simple claims of negligence.

The defendant's arguments for dismissal are misplaced. The defendant continuously asserts that the plaintiff's complaint is insufficient because it does not contain enough *facts*. For example, the defendant wants the plaintiff to "identify or describe the specific condition of the vessel or its equipment that made the work place unsafe," [Defendant's Memorandum, p. 6]; or to set forth facts "explaining in what manner the employees were unskilled, untrained, careless or unsupervised," [Defendant's Memorandum, p. 7]; or to set forth facts "concerning when plaintiff sought medical care, to whom the defendants sent Plaintiff, why medical care was inadequate, etc." [Defendant's Memorandum, p. 8].

These arguments do not comport with Rule 84 of the Federal Rules of Civil Procedure nor with Form 11, which simply sets forth facts in support of a negligence claim as follows: On a certain date, at a certain place, the defendant negligently drove his vehicle into the plaintiff. All of the additional information sought by the defendant flies in the face of the Supreme Court's decision in *Twombly*, which held, "we do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Twombly*, 127 S.Ct. at 1973. The defendant in this matter seeks "heightened fact pleading of specifics" which is not required by the Supreme Court.

The plaintiff respectfully asserts that the allegations contained in his first two causes of action sufficiently put the defendant on notice of the claim, and his claims are plausible on their face to state a claim for relief. The pleading complies with Rule 84 of the Federal Rules and with Form 11. For the above and foregoing reasons, the defendant's Motion to Dismiss pursuant to FRCP 12(b)(6) should be denied.

**2. The plaintiff's complaint adequately sets forth causes of action for violations of the Trafficking Victims Protection Reauthorization Act of 2003, 18 U.S. C. 1595, violations of laws against involuntary servitude, including 18 U.S.C. 1584 and the Thirteenth Amendment to the United States Constitution, and for violations of the Alien Tort Claims Act, 28 U.S.C. 1350 et. seq.**

The complaint adequately alleges these causes of action, as shown below. First, the complaint alleges that the defendants confiscated, took, and retained the passport, visa, and seaman's book from the plaintiff, a citizen of the Philippines. *See* Rec. Doc. #1, ¶ 13. The complaint then alleges that despite repeated amicable demand, the defendants failed and refused to return this important personal property of plaintiff, namely, his passport, visa, and seaman's book. *Id.* Further, these causes of action incorporated by reference all of the prior allegations made by the complaint, Rec. Doc. #1, Para. 12, which included, *inter alia*, that the plaintiff was overworked, *see* Rec. Doc. #1, ¶ 4, was injured by his overwork, *id.*, and was then denied payment for medical care for his serious brain injury. *See* Rec. Doc. #1, ¶ 5. These allegations are sufficient to adequately set forth the causes of action as stated above. The trial evidence will show that the plaintiff, Mr. Joewealth Matias, was terribly overworked and underpaid.

The federal courts have not hesitated to protect the rights of exploited foreign workers who have been subjected to illegal document servitude, document confiscation, overwork, denial of medical treatment, and numerous other forms of abuse. Surprisingly, many of these workers originated in the Philippines, as did the plaintiff, Mr. Matias. The arsenal of laws were greatly toughened in this area when the Trafficking Victims Protection Reauthorization Act of 2003 (TVPRA) made clear that there was a private right of action under the Trafficking Victims Protection Act (TVPA). Further, and contrary to the defendants memorandum, an implied private right of action

has also been found under the Thirteenth Amendment in *Manliguez v. Joseph*, 226 F.Supp.2d 377, (E.D.N.Y.2002), a case also involving illegal passport confiscation, overwork, and other issues.

First, it is important to note that the behavior of the defendants complained of by the plaintiff herein is clearly illegal, and constitutes a violation of both criminal as well as civil laws. In *U.S. v. Farrell*, 563 F.3d 364, (C.A.8 (S.D.)) 2009, the conviction of hotel owners for document servitude, among other crimes, was upheld, where the proscribed behavior consisted of evidence including that the owner confiscated passports, visas, and entry cards of hotel workers upon their arrival in United States from the Philippines, that owners knowingly retained possession of such documents throughout the workers' entire stay, and that the owner refused the police chief's request to turn workers' immigration documents over to them. For similar recent criminal conviction cases involving illegal passport confiscations by employers, see also *U.S. v. Sabhnani*, 539 F.Supp.2d 617, (E.D.N.Y.2008), and *U.S. v. Sung Bum Chang*, 237 Fed. Appx. 985, (C.A.5 (Tex.)2007).

Indeed, summary judgment on governmental liability under 42 U.S.C. 1983 was granted in favor of the plaintiff and against a government immigration official (not an employer) in *De Nieva v. Reyes*, Not Reported in F.Supp., 1989 WL 158912, D.N.Mariana Islands,1989, for the illegal confiscation of the passport of a citizen of the Philippines.

In *Baoanan v. Baja*, --- F.Supp.2d ----, 2009 WL 1739872, (S.D.N.Y.2009), the District Court partially rejected a claim of "residual" diplomatic immunity and refused to dismiss the claims of a domestic worker, also a citizen of the Philippines, which claims against her employer also involved illegal passport confiscation and overwork. The plaintiff's claims included 1) forced labor; (2) trafficking with respect to peonage, slavery, involuntary servitude, or forced labor; (3) slavery, peonage, and involuntary servitude; (4) unlawful conduct with respect to documents in furtherance

of trafficking, peonage, slavery, involuntary servitude, or forced labor; (5) violations of the Racketeer Influenced and Corrupt Organization Act; (6) violations of the Alien Tort Claims Act ("ATCA"); and (7) federal minimum wage violations. The defendant's Rule 12 (b) 6 motion to dismiss was denied.

Closer to home, in *David v. Signal Intern., LLC*, 588 F.Supp.2d 718, (E.D.La. 2008), 257 F.R.D. 114, (E.D.La.2009) a class action is proceeding in the Eastern District of Louisiana on behalf of a class of over 500 Indian men, who were allegedly trafficked into United States to work after Hurricane Katrina, (as was plaintiff Joewealth Matias herein), and some of whose passports were withheld by the employer, and who are suing a construction firm and other defendants for violations of the Trafficking Victims Protection Act (TVPA) and other statutory and common law claims. All motions to dismiss filed by the defendants have been denied, and indeed, a protective order was granted by the Eastern District of Louisiana in favor of the plaintiffs to protect the plaintiffs, and precluding discovery by the defendants of the plaintiffs post-termination immigration status and authorization to work in United States, on the grounds of its *in terrorem* effect on the plaintiffs[1].

---

[1] In the instant case it must unfortunately be noted, and since this complaint was filed in April, 2009, certain defendants have apparently and very recently, on June 23, 2009, already made one unsuccessful attempt to arrange for the deportation of the plaintiff herein, Mr. Joewealth Matias, by apparently filing a false report with the United States Border Patrol against Mr. Matias. This report apparently falsely accused plaintiff Joewealth Matias of (1) deserting his vessel, (while he was actually hospitalized at Tulane Hospital) and of (2) leaving Louisiana (which he never did). This apparent false report resulted in the day-long detention of Mr. Matias by the Border Patrol. However, when the true facts were presented to the Border Patrol, including Mr. Matias's severe and largely untreated medical condition requiring brain surgery, the Border Patrol authorities released Mr. Matias that day, and immediately granted Mr. Matias humanitarian parole status in New Orleans, Louisiana. Obviously, this recent, serious post-complaint event is an area which will require further discovery and the appropriate amendment of the complaint.

Furthermore, in *David v. Signal Intern., LLC*, 588 F.Supp.2d 718, (E.D.La. 2008), 257 F.R.D. 114, (E.D.La.,2009) the Eastern District of Louisiana stated:

> "Motions to dismiss for failure to state a claim are viewed with disfavor and are rarely granted. Test Masters Educ. Servs., Inc. v. Singh, 428 F.3d 559, 570 (5th Cir.2005) (citing Shipp v. McMahon, 199 F.3d 256, 260 (5th Cir.2000)). In deciding a motion to dismiss under Rule 12(b)(6), the district court accepts as true those well-pleaded factual allegations in the complaint. Id. (citing C.C. Port, Ltd. v. Davis-Penn Mortgage Co., 61 F.3d 288, 289 (5th Cir.1995)). "Taking the facts alleged in the complaint as true, if it appears certain that the plaintiff cannot prove any set of facts that would entitle it to the relief it seeks," dismissal is proper. Id. (quoting C.C. Port, Ltd., 61 F.3d at 289). It must appear beyond doubt that the plaintiff "can prove no set of facts in support of his claim which would entitle him to relief." Id. (quoting Campbell v. City of San Antonio, 43 F.3d 973, 975 (5th Cir.1995))."

In *Swarna v. Al Awadi*, 607 F Supp. 2d. 509 (S.D. N.Y. 2009), another claim of "residual" diplomatic immunity was rejected, and the plaintiff domestic worker was granted a default judgment against her employer in a claim brought under the Alien Tort Claims Act ("ATCA"), 28 U.S.C. § 1350, in a case involving passport confiscation and other issues.

And in *Ramos v. Hoyle*, Slip Copy, 2008 WL 5381821, (S.D.Fla.2008), the plaintiff sued under the Trafficking Victims Protection Reauthorization Act, 18 U.S.C. § 1589 et. seq. ("TVPRA"), among other statutes, involving passport confiscation and other forms of abuse. In denying the defendants Rule 12 (B) (6) motion to dismiss the Trafficking Victims Protection Reauthorization Act claim, the Court stated:

> "When reviewing a complaint under Rule 12(b)(6), the court accepts all well-pleaded allegations as true and views the motion in the light most favorable to the non-moving party. Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984). "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to

> relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' " Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007) (quoting Fed.R.Civ.P. 8; Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). When pleading fraud, however, "a party must state with particularity the circumstances constituting fraud" while "[m]alice, intent knowledge, and other conditions of a person's mind may be alleged generally." Fed.R.Civ.P. 9(b).
> 
> B. Count V
> 
> *4 Defendants also move to dismiss Count V, which alleges a violation of the TVPRA, arguing that Plaintiffs have failed to sufficiently state a claim. Plaintiffs specifically allege a violation of 18 U.S.C. § 1589 and 18 U.S.C. § 1590. After careful consideration, the Court finds Defendants' arguments are without merit, and the Court declines to dismiss Count V."

In *Catalan v. Vermillion Ranch Ltd. Partnership*, Not Reported in F.Supp.2d, 2007 WL 38135, (D.Colo.2007), in rejecting an attempt to dismiss claims brought under the TVPRA similar to the arguments made by the defendants herein, the Court stated:

> "Defendants also urge this Court to apply a heightened pleading requirement to Plaintiffs claims under RICO, TVPRA, false imprisonment, and outrageous conduct pursuant to Fed.R.Civ.Pro. 9(b). Rule 9(b) requires that "in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." However, "Rule 9(b) does not require that a complaint set forth detailed evidentiary matter as to why particular defendants are responsible for particular statements, or that the allegations be factually or legally valid." Schwartz v. Celestial Seasonings, Inc, 124 F.3d 1246, 1253 (10th Cir.1997). "Instead, Rule 9(b) requires that the pleadings give notice to the defendants of the fraudulent statements for which they are responsible." Id. In other words, the complaint must give the defendants notice of what they are charged with, and "[n]o more is required by Rule 9(b)".

See also *Licea v. Curacao Drydock Co., Inc*., 584 F. Supp. 1355 (S.D. Fla. Oct. 31, 2008), a particularly egregious case brought under the Alien Tort Claims Act, 28 U.S.C.A. § 1350, in which up to $(20) twenty million in compensatory damages and $(10) ten million in punitive damages were awarded to each plaintiff by the District Court.

The defendants seem to rely primarily upon older cases, and cases such as *United States v. Kozminski*, 487 U.S. 931, 108 S.Ct. 2751, 101 L.Ed.2d 788 (1988). However, the *Kozminski* case is limited to the criminal applications of the law, and does not address the civil consequences. Further, the *Kozminski* case is an older case predating all of the laws and jurisprudence cited above, and does not even address the specific factual issues presented herein at all, namely, the deliberate withholding of legal travel documents and passports, which can obviously also qualify as a "legal coercion" under *Kozminski.* This issue was never addressed in that case. Deliberately withholding a passport from a foreigner in a strange land is unquestionably coercive. Indeed, the defendants cite only one case dealing with passport confiscation at all (*Barclay v. Keystone Shipping Co.*, 128 F. Supp. 237 (E.D. Pa. 2001)), which case can be easily distinguished on its facts. In contrast, as the above cited jurisprudence shows, the overwhelming weight of the jurisprudence favors the plaintiff.

The defendants motion to dismiss should be denied.

                         RESPECTFULLY SUBMITTED:

                          /s/   David Whitmore
                        LAWRENCE BLAKE JONES  (7495)
                        DAVID C. WHITMORE       (17864)
                        SCHEUERMANN & JONES
                        909 Poydras St., Suite 2556
                        New Orleans, LA 70112
                        Telephone:  (504) 525-4361
                        Facsimile:  (504) 525-4380

/s   Ronald L. Wilson
RONALD L. WILSON (#13575)
909 Poydras Street – Suite 2556
New Orleans, Louisiana 70112
PH:     (504) 525-4361
FAX:   (504) 525-4380
E-mail: cabral2@aol.com


DAVID A. DALIA (#01320)
830 Union Street – Suite 302
New Orleans, LA.  70112
PH: (504) 524-5541
FAX: (504) 525-0449
Email: david@dalia-law.com

COUNSEL FOR PLAINTIFF


CERTIFICATE OF SERVICE

_____I HEREBY CERTIFY that on this 14th  day of May, 2009, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to counsel for all parties.


/s/ Ronald L. Wilson