UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JOEWEALTH MATIAS | * | CIVIL ACTION |
| VERSUS | * | NO.:   09-3256 |
| TAYLORS INTERNATIONAL SERVICES, INC., GLOBAL SEAWAYS (PANAMA), INC., TARGET LOGISTICS, INC., MAINFREIGHT LIMITED, WILHELMSEN SHIP SERVICE, INC., BARWIL AGENCIES (N.A.), INC., and N.D. SHIPPING AGENCY & ALLIED SERVICES, INC. | * * * * | SECTION: I  MAGISTRATE:   1  IN ADMIRALTY/RULE 9(H) |
| *    *    *    *    *    *    * | | |

**PLAINTIFF'S FIRST AMENDMENT TO COMPLAINT**

**NOW INTO COURT**, through undersigned counsel, comes the plaintiff, Mr. Joewealth Matias, a person of the full age of majority, a citizen of the Republic of the Philippines, and a resident of the Parish of Orleans, Eastern District of Louisiana, State of Louisiana, who respectfully submits the following First Amended Complaint herein:

1.

**JURISDICTION**

This Honorable Court has jurisdiction over this matter in admiralty, pursuant to 28 U.S.C. 1333, and these claims are designated as claims in admiralty pursuant to Rule 9(h) of the Federal

1

Rules of Civil Procedure.  In the alternative, the Court has federal question jurisdiction pursuant to 28 U.S.C. 1331.

2.

Made defendants herein are:

1.     TAYLORS INTERNATIONAL SERVICES, INC., on information and belief, a corporation authorized to do and doing business in the State of Louisiana and within the jurisdiction of this Honorable Court and, at all times pertinent hereto, a company performing or providing services aboard the M/V DREAM PRINCESS and the employer of the plaintiff or the borrowing employer of the plaintiff.

2.     TARGET LOGISTICS, INC., on information and belief, a corporation authorized to do and doing business in the State of Louisiana and within the jurisdiction of this Honorable Court and, at all times pertinent hereto, a company performing or providing services aboard the M/V DREAM PRINCESS and the employer of the plaintiff or the borrowing employer of the plaintiff.

3.     WILHELMSEN SHIP SERVICE, INC., on information and belief, a corporation authorized to do and doing business in the State of Louisiana and within the jurisdiction of this Honorable Court and, at all times pertinent hereto, the successor or other related company of Barwil Agencies (N.A.), Inc., and a company performing or providing services aboard or to the M/V DREAM PRINCESS.

### FIRST CAUSE OF ACTION

3.

JOEWEALTH MATIAS was at all times mentioned herein was a member of the crew of the M/V DREAM PRINCESS, a vessel on which the defendants were performing or providing

services aboard or to the M/V DREAM PRINCESS, performing his duties as a seaman aboard said vessel, working in the interest of said defendants, which defendants are liable unto him under the admiralty law known as the Merchant Marine Act, modified and commonly known as the Jones Act, 46 U.S.C. Appx. § 688 (now 46 U.S.C. § 30104), and/or alternatively pursuant to 33 U.S.C. § 905(b), and pursuant to the General Maritime Law of the United States of America, and under the law and statutes of the State of Louisiana, and he brings this suit pursuant to the "savings to suitors" clause of the United States Constitution and hereby designates this claim as one in admiralty and maritime, for the following reasons:

4.

On or about April 9, 2006, plaintiff was employed as a seaman aboard the M/V DREAM PRINCESS, a vessel owned and/or operated by the defendants, which vessel was in the navigable waters of the United States and within the jurisdiction of this Court. The vessel was docked in New Orleans, Louisiana, providing hurricane relief services following Hurricane Katrina. During his employment aboard the vessel, the plaintiff was supervised by an employee of Taylors International Services, Inc. and was provided a name tag identifying him as an employee of Target Logistics, Inc.

5.

During the plaintiff's employment aboard the vessel, the vessel was undermanned and, as result, the defendants required plaintiff to work in his capacity as a kitchen helper, dishwasher, cleaner, and busboy, among other tasks, from approximately January 21st, 2006, until his injury on or about April 9th, 2006, for a full twelve (12) hours a day, and for seven (7) days a week, and with no days off at all, during the entire approximately eleven (11) continuous weeks of his employment. One of the employees quit or otherwise left the job, and plaintiff was forced to do

the job of two men.  As a result of the actions of the defendants and the undermanning of the vessel, the plaintiff was caused to sustain serious injuries including but not limited to a left parieto-occipital hemorrhage, creation of or aggravation of a arteriovenous malformation, arteriovenous malformation rupture

6.

Plaintiff was in no manner negligent.  On information and belief, plaintiff alleges that the sole and proximate cause of the accident and his injuries, as described herein, was the unseaworthiness of the vessel and/or negligence and/or failure of the defendants, and their employees, servants and/or agents, in carrying out their obligations and duties, individually and concurrently, in the following non-inclusive respects:

1. Failure to properly man the vessel,

2. Forcing plaintiff to work excessive hours;

3. Failure to provide plaintiff with the proper personnel to accomplish his job in a reasonably safe manner;

4. Creation and maintenance of an unseaworthy vessel;

5. Failure to provide competent and adequate supervisory authority;

6. Breach of legally imposed duties of reasonable care owed by the defendant(s) to the plaintiff;

7. Failure to provide prompt and adequate medical care, treatment, maintenance and cure, thereby causing additional damages, including but not limited to any negligent hiring and/or retention of physicians and/or disregarding advice of physicians;

8. Other acts of negligence and conditions of unseaworthiness to be proven at the trial of this case.

7.

Solely by reason of the negligence of the defendants and unseaworthiness of the vessel, and other acts and inactions described herein, plaintiff sustained serious injuries including but not limited to a left parieto-occipital hemorrhage, creation of or aggravation of a arteriovenous malformation, arteriovenous malformation rupture.  As a result thereof, plaintiff in the past and in the future: require medicines, medical care, medical treatment, have to expend moneys and incur obligations for treatment and care, suffer agonizing aches, pains, and mental anguish, and be disabled from performing his usual duties, occupations and avocations.

8.

As a result of the aforesaid negligence, breach of duties, and unseaworthiness on the part of the defendants herein, plaintiff has suffered injuries and damages for which defendants are liable unto him, plus legal interest from the date of occurrence, a reasonable attorney's fee, and all costs of these proceedings.

**SECOND CAUSE OF ACTION**

**MAINTENANCE AND CURE**

9.

Plaintiff repeats and realleges all of the foregoing paragraphs with the same force and effect as if herein set forth in full, and in addition thereto alleges that as a result of the aforementioned injuries which plaintiff received aboard the vessel, he was rendered unfit for duty as a seaman from the date of the accident, on or about April 9, 2006.

10.

Pursuant to the General Maritime Laws of the United States of America, the defendants owed the absolute and non-delegable duty to provide plaintiff with maintenance and cure benefits from the date of his injury until full recovery.

11

Thus, the defendants are indebted unto the plaintiff for maintenance and cure benefits in the amount of THIRTY ($30.00) DOLLARS per day from April 9, 2006 until he has fully recovered from his injuries, or such amount as he is legally entitled to, together with interest from the date of occurrence, a reasonable attorney's fee and all costs of these proceedings.

12.

In addition, the defendants' failure and/or refusal to pay the plaintiff's maintenance and cure benefits has been willful, wanton, arbitrary, capricious and without cause. As a result, the plaintiff has had to endure additional and unnecessary pain and suffering and possible worsening of his physical condition. As a result thereof, the defendants are liable unto the plaintiff for additional compensatory damages in a full and true amount to be determined at the trial of this matter, together with interest from the date of occurrence, a reasonable attorney's fee and all costs of these proceedings, in addition to punitive damages pursuant to the Supreme Court of the United States' ruling in *Atlantic Sounding Co., Inc. v. Townsend*, 129 S.Ct. 2561 (2009)."

## THIRD CAUSE OF ACTION

## ILLEGAL CONFISCATION AND RETENTION OF TRAVEL DOCUMENTS

13.

Plaintiff repeats and realleges all of the foregoing paragraphs with the same force and effect as if herein set forth in full, and in addition thereto alleges that as a result of the aforementioned injuries which plaintiff received aboard the vessel, he was rendered unfit for duty as a seaman from the date of the accident, on or about April 9, 2006.

14.

Further, and in violation of without limitation 18 U.S.C. § 1595, which provides a civil remedy for, among other acts, the unlawful confiscation of a passport pursuant to 18 U.S.C. § 1592, and all other applicable law, the defendants confiscated, took, and retained the passport, visa, and seaman's book from the plaintiff. On information and belief, the passport and other documents were taken by a representative of Taylors International and retained by a representative of Wilhlemsen, then known as Barwill.  Despite repeated amicable demand to both parties, the defendants have failed and refused to return this important personal property of plaintiff, namely, his passport, visa, and seaman's book, said most recent amicable demand occurring as late as on April 3, 2009.

15.

The passport, visa, and seaman's book of plaintiff are crucial travel documents to plaintiff, and the illegal confiscation and retention of those crucial travel documents by defendants effectively and illegally prohibits plaintiff from travel across international borders. The failure and refusal of the defendants to return the passport, visa, and seaman's book of the

plaintiff has resulted in severe additional damages to plaintiff, including additional and unnecessary pain and suffering, intentional and negligent infliction of additional stress, emotional distress, mental anguish, and possible worsening of his physical condition, inhibition of plaintiff's rights to travel, preventing plaintiff from visiting plaintiff's family members, and other actions, thus violating the Trafficking Victims Protection Reauthorization Act of 2003, with the aforementioned civil remedy provided by 18 U.S.C. §1595, providing a civil remedy for the crime of illegally confiscating a passport as provided for in 18 U.S.C. § 1592, violating the Alien Tort Claims Act, 28 U.S.C. 1350 et. seq., as well as all other applicable federal and state law. Thus, the defendants are liable unto plaintiff for compensatory and punitive damages, in such amount as he is legally entitled to, together with interest from the date of occurrence, reasonable attorney's fees, and all costs of these proceedings.

16.

In addition, plaintiff is a foreign national unfamiliar with the wage and hour laws of the United States, and this fact was known to the defendant employers who were well aware of such laws and requirements. Nevertheless, the defendant employers required plaintiff to work in his capacity as a kitchen helper, dishwasher, cleaner, and busboy, among other tasks, from approximately January 21, 2006, until his injury on or about April 9, 2006, for a full twelve (12) hours a day, and for seven (7) days a week, and with no days off at all, during the entire approximately eleven (11) continuous weeks of his employment. This constituted approximately eighty four (84) hours of work per week, for which he was paid only approximately $100.00 per week, ($400.00 per month), and only an "overtime" payment of $200.00 per month, for a total combined monthly wage and overtime payment of approximately $600.00 per month, in return

for working approximately in excess of three hundred and sixty one (361) hours of work per month.

17.

This highly egregious overwork and ill-treatment of the plaintiff foreign national, unschooled in the wage laws of the United States, in addition to the causes of action asserted herein further represent willful violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, particularly of the minimum wage and overtime provisions therein, for which damages as are reasonable in the premises are sought, including all applicable penalties, attorneys fees, and costs.

18.

In addition, upon information and belief, and sometime in the spring of 2009, the defendants caused a false report to be filed with a federal agency, the United States Department of Homeland Security, United States Customs and Border Protection, against the plaintiff, after the plaintiff had sought the protection of the federal courts through the filing of this lawsuit. Said false report appeared to intend to cause the deportation of the plaintiff from the United States, and was false in the following non-exclusive particulars. Said false report falsely stated that the plaintiff, Mr. Joewealth Matias, had left the State of Louisiana, when Mr. Matias had not left the State of Louisiana. Said false report also falsely alleged that Mr. Matias had "jumped ship", i.e., that the plaintiff had deserted his ship without notifying his employers, when in fact it was well known that Mr. Matias had been taken to Tulane Hospital in New Orleans, Louisiana in April, 2006, on account of his injuries.

19.

This false report resulted in the day-long detention of Mr. Matias by the Border Protection authorities, as well as threats of deportation. However, when the true facts were presented to Border Protection, including Mr. Matias's severe and largely untreated medical condition requiring brain surgery, Border Protection released Mr. Matias that day, and immediately granted Mr. Matias humanitarian parole status in New Orleans, Louisiana, which continues as of the date of this filing.

20.

This false report caused extreme mental anguish and emotional distress to plaintiff, as well as caused his day long detention and threats of deportation and separation from his wife.

21

This false report on the part of the defendants in addition to the claims asserted hereinabove further constitutes both federal and state common law and tort claims including without limitation malicious prosecution, wrongful detention, false imprisonment, retaliation, intentional infliction of emotional distress, mental anguish, defamation, and causing other such damages as may be deemed reasonable in the premises.

**WHEREFORE,** plaintiff prays that his Complaint and Amendment to the Complaint be deemed good and sufficient, and that after due proceedings had and the expiration of all legal delays herein:

1.  That there judgment in favor of the plaintiff, JOEWEALTH MATIAS, and against the defendants, TAYLORS INTERNATIONAL SERVICES, INC., TARGET LOGISTICS, INC., and WILHELMSEN SHIP SERVICE, INC., jointly, severally, and *in solido*, in damages in an amount to be determined at trial, together with interest from the date of occurrence until paid, attorneys fees, and all costs;

2. There be a judgment rendered herein in favor of the plaintiff and against the defendants for maintenance and cure benefits, past, present, and future at a daily rate of THIRTY ($30.00) DOLLARS, or such amount as plaintiff is legally entitled to, plus interest from the date of occurrence, costs and attorneys fees therefore, all in a true sum to be determined at the trial of this case;

3. There be judgment herein in favor of the plaintiff and against the defendants for additional compensatory damages and punitive damages for the defendants' arbitrary, capricious, and/or without cause failure and/or refusal to pay plaintiff's maintenance and cure benefits, in an amount to be determined at trial, together with interest from the date of occurrence, a reasonable attorney's fee, and all costs of these proceedings;

4. There be judgment herein in favor of the plaintiff and against the defendants for additional compensatory and punitive damages for the defendants' illegal, arbitrary, capricious, and/or without cause confiscation and subsequent failure and/or refusal to return plaintiff's passport, visa, and seaman's book, in an amount to be determined at trial, together with interest from the date of occurrence, reasonable attorney's fees, and all costs of these proceedings;

5. There be judgment herein in favor of the plaintiff and against the defendants for additional compensatory damages for the defendants' willful violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, in an amount to be determined at trial, together with interest from the date of occurrence, reasonable attorneys fees, all applicable penalties, and all costs of these proceedings;

6. There be judgment herein in favor of the plaintiff and against the defendants for additional compensatory damages for the defendants' willful filing of false reports to federal agencies, constituting federal and state common law and tort claims including without limitation

malicious prosecution, wrongful detention, false imprisonment, retaliation, intentional infliction of emotional distress, mental anguish, defamation, and causing other such damages as may be deemed reasonable in the premises, together with interest from the date of occurrence, reasonable attorneys fees, all applicable penalties, and all costs of these proceedings;

7. For any and all other relief which the law, justice, and equity provide.

RESPECTFULLY SUBMITTED:

\_\_\_s/ David C. Whitmore_____
LAWRENCE BLAKE JONES  (7495)
DAVID C. WHITMORE      (17864)
SCHEUERMANN & JONES
701 Poydras St., Suite 4100
New Orleans, LA 70139
Telephone:  (504) 525-4361
Facsimile:  (504) 525-4380

RONALD L. WILSON        (13575)
701 Poydras St., Suite 4100
New Orleans, LA 70139
Telephone:  (504) 525-4361
Facsimile:  (504) 525-4380

DAVID A. DALIA    (01320)
830 Union Street, Suite 302
New Orleans, Louisiana  70112
Telephone:  (504) 524-5541
Facsimile:  (504) 525-0449

**CERTIFICATE OF SERVICE**

I do hereby certify that on the 24th day of February, 2010, a copy of the above and foregoing pleading was electronically filed with the Clerk of Court using the CM/ECF system which will send a notice of electronic filing too all counsel of record who have elected e-notification by operation of the court's electronic filing system.  I further certify that, on the aforementioned date, I also served a copy of the foregoing pleading upon all counsel of record

who are non-CM/ECF participants via facsimile transmission and/or via hand delivery and/or via the United States mail, postage prepaid and properly addressed.

_____s/ David C. Whitmore_____