THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JOEWEALTH MATIAS | § | CIVIL ACTION |
| | § | |
| V. | § | NO. 09-3256 |
| | § | |
| TAYLORS INTERNATIONAL | § | |
| SERVICES INC., GLOBAL SEAWAYS | § | SECTION: I |
| (PANAMA) INC., TARGET | § | |
| LOGISTICS INC., MAINFREIGHT | § | MAGISTRATE: 4 |
| LIMITED, WILHELMSEN SHIP | § | |
| SERVICE INC., BARWIL AGENCIES | § | IN ADMIRALTY/RULE 9(h) |
| (NA) INC., and N.D. SHIPPING AGENCY & | § | |
| ALLIED SERVICES INC. | § | |

---

**ORIGINAL ANSWER OF DEFENDANT
TARGET LOGISTICS, LLC**

---

NOW INTO COURT, through undersigned counsel, comes Defendant, **Target Logistics, LLC** ("Target"), and files its Original Answer to Plaintiff's First Amended Complaint, respectfully showing the Court the following:

**FIRST DEFENSE**

Plaintiff fails to states a claim upon which relief can be granted.  Fed.R.Civ.P. 12(b)(6).

**SECOND DEFENSE**

Responding to Plaintiff's First Amended Complaint by correspondingly numbered paragraphs, Target states the following:

1.     Target admits that Taylors International Services, Inc. provided services aboard the M/V DREAM PRINCESS.  Target is without knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 1 of Plaintiff's First Amended Complaint.

2. Target admits that it did business in Louisiana at the time of the alleged incident, that it contracted to perform services aboard the M/V DREAM PRINCESS, and that this Court has specific jurisdiction over it. Target denies that it is a corporation, denies that it was Plaintiff's employer, and denies that it was Plaintiff's borrowing employer. Target also denies all remaining allegations contained in paragraph 2 of Plaintiff's First Amended Complaint.

3(a). Target is without knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 3(a) of Plaintiff's First Amended Complaint.

3(b). Target admits that it contracted to perform services aboard the M/V DREAM PRINCESS. Target denies that Plaintiff was working in its interest and denies that it is liable to Plaintiff in any manner. Target is without knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 3(b) of Plaintiff's First Amended Complaint.

4. Target admits that on April 6, 2006, the M/V DREAM PRINCESS was docked in New Orleans, Louisiana, in navigable waters of the United States. Target denies that it owned and operated the M/V DREAM PRINCESS, denies that Plaintiff was its employee, and denies that it provided Plaintiff with a name tag identifying him as an employee of Target. Target is without knowledge or information sufficient to form a belief about the truth of the allegations regarding Plaintiff's employment status with other companies. Target denies all remaining allegations contained in paragraph 4 of Plaintiff's First Amended Complaint.

5. Target denies the allegations contained in paragraph 5 of Plaintiff's First Amended Complaint.

6. Target denies the allegations contained in paragraph 6 of Plaintiff's First Amended Complaint.

7. Target denies the allegations contained in paragraph 7 of Plaintiff's First Amended Complaint.

8. Target denies the allegations contained in paragraph 8 of Plaintiff's First Amended Complaint.

9. Target denies the allegations contained in paragraph 9 of Plaintiff's First Amended Complaint.

10. Target denies the allegations contained in paragraph 10 of Plaintiff's First Amended Complaint.

11. Target denies the allegations contained in paragraph 11 of Plaintiff's First Amended Complaint.

12. Target denies the allegations contained in paragraph 12 of Plaintiff's First Amended Complaint.

13. Target denies the allegations contained in paragraph 13 of Plaintiff's First Amended Complaint.

14. Target denies that it "confiscated, took, and retained the passport, visa and Plaintiff's seaman's book." Target is without knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 14 of Plaintiff's First Amended Complaint.

15. Target denies the allegations contained in paragraph 15 of Plaintiff's First Amended Complaint.

16. Target denies the allegations contained in paragraph 16 of Plaintiff's First Amended Complaint.

17. Target denies the allegations contained in paragraph 17 of Plaintiff's First Amended Complaint.

18. Target denies that it filed or caused to be filed any report with any governmental agency regarding Plaintiff. Target is without knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 18 of Plaintiff's First Amended Complaint.

19. Target is without knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 19 of Plaintiff's First Amended Complaint.

20. Target denies the allegations contained in paragraph 20 of Plaintiff's First Amended Complaint.

21. Target denies the allegations contained in paragraph 21 of Plaintiff's First Amended Complaint.

22. Target denies Plaintiff is entitled to the relief prayed for.

**THIRD DEFENSE**

Plaintiff's injuries and damages, if any, were legally caused, in whole or in part, by Plaintiff's own negligence.

**FOURTH DEFENSE**

Plaintiff's injuries and damages, if any, are the result, in whole or in part, of preexisting or subsequently occurring injuries, illnesses and/or bodily conditions for which Target is not responsible.

**FIFTH DEFENSE**

Plaintiff's injuries and damages, if any, were legally caused, in whole or in part, by third parties and/or instrumentalities for which Target is not legally responsible.

### SIXTH DEFENSE

Plaintiff failed to mitigate his damages.

### SEVENTH DEFENSE

Plaintiff's claim for damages under the Fair Labor Standards Act is barred by the applicable statute of limitations.

### EIGHTH DEFENSE

Plaintiff's claim under the Fair Labor Standards Act is barred by Plaintiff's seaman status.

Respectfully submitted,

GORDON, ARATA, MCCOLLAM,
 DUPLANTIS & EAGAN, L.L.P.

/s/ Charles L. Stinneford
Charles L. Stinneford
State Bar No. 00785057
One Riverway, Suite 1300
Houston, Texas 77056
(713) 333-5500 Telephone
(713) 333-5501 Facsimile

and

 /s/ A. Gregory Grimsal
 A. Gregory Grimsal, (T.A.) #6332
201 St. Charles Avenue  40th Floor
New Orleans, Louisiana  70170-4000
Telephone:  (504) 582-1111
Facsimile:    (504) 582-1121

*Attorneys for Target Logistics, LLC*

## **CERTIFICATE OF SERVICE**

I certify that, on this 16th day of March 2010, a copy of the foregoing was filed electronically with the Clerk of the Court using the CM/ECF system.  Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system.

      /s/ A. Gregory Grimsal