UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JOEWEALTH MATIAS | * | CIVIL ACTION |
| VERSUS | * | NO.: 09-3256 |
| TAYLORS INTERNATIONAL SERVICES, INC., | * | SECTION:   I |
| | * | MAGISTRATE:  4 |
| *   *   *   *   *   *   * | | IN ADMIRALTY/RULE 9(H) |

## SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

MAY IT PLEASE THE COURT:

The defendant, Wilhelmsen Ship Service, Inc., filed a Supplemental Memorandum in Support of its Motion for Summary Judgment. Therein, among other issues, Wilhelmsen – for the first time – alleged that plaintiff's federal and state common law and tort claims for wrongful taking and retention of personal property and passport documents have prescribed. The plaintiff respectfully asserts that (1) Wilhelmsen failed to plead the affirmative defense of statute of limitations in its Answer and has thus waived that defense and/or, alternatively, (2) questions of fact exist as to the date the wrongful conversion of plaintiff's property ceased, thus precluding summary judgment in favor of Wilhelmsen.

1

At page 3 of its memorandum, Wilhelmsen asserts that the statute of limitations on a claim for conversion is one year, as set forth in La. C.C. Art. 3492.  Louisiana law provides a delictual, or tort, action for conversion.

> It is available to an owner dispossessed as a result of an offense or quasi-offense or, in other words, a "tort." This action is grounded on the unlawful interference with the ownership or possession of a movable and is frequently termed an action for "conversion" in Louisiana. A conversion is committed when any of the following occurs: 1) possession is acquired in an unauthorized manner; 2) the chattel is removed from one place to another with the intent to exercise control over it; 3) possession of the chattel is transferred without authority; 4) possession is withheld from the owner or possessor; 5) the chattel is altered or destroyed; 6) the chattel is used improperly; or 7) ownership is asserted over the chattel. ..The conversion action is predicated on the fault of the defendant and directed to the recovery of the movable or, in the alternative, the plaintiff may demand compensation.

*Dual Drilling Co. v. Mills Equipment Investments, Inc.*, 721 So.2d 853, 857 (La. 1998).

The plaintiff respectfully asserts that the Delcaration Under Penalty of Perjury submitted by John Cascio as part of Wilhelmsen's motion support a cause of action for the first four prongs of conversion.

Both Mr. Wilkinson and Mr. Cascio acquired possession of Mr. Matias passport and other documents in an unauthorized manner, and possession of the passport and other documents was transferred from Mr. Wilkinson to Mr. Cascio without authority and did so to exercise control over the documents.  Wilhelmsen asserts that, in paragraph 33 of his Declaration, Mr. Cascio was instructed by Homeland Security to retain Mr. Matias' immigration documents.  However, paragraphs 31 and 32 of the Declaration establish that these instructions were not received until after December 8, 2007, when representatives of Hope House demanded the return of Mr. Matias' documents.  Paragraph 22 of the Declaration make it clear that both Mr. Cascio and Mr. Wilkinson had possession of the

documents as early as May of 2006 – more than one year before the alleged instructions from Homeland Security. The initial transfer from Wilkinson to Cascio was made without authority and with intent to exercise control over Mr. Matias' documents. Thus, the first four elements of a cause of action for conversion are at issue.

In addition, Mr. Cascio's declaration, at paragraphs 30, 31 and 34, indicate that Wilhelmsen receieved no less than three demands for the return of Mr. Matias' passport and other documents, establishing that possession of these documents was deprived to the owner, Mr. Matias, thus raising an issue as to the fourth cause of action for conversion set forth above in *Dual Drilling*.

1.  **THE STATUTE OF LIMITATIONS DEFENSE IS AN AFFIRMATIVE DEFENSE WHICH WILHELMSEN FILED TO PLEAD IN ITS ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT.  THEREFORE, THE DEFENSE IS WAIVED.**

Rule 8(c) of the Federal Rules of Civil Procedure sets forth a number of affirmative defenses which must be raised in a responsive pleading. Amongst those defenses is "statute of limitations." Although Wilhelmsen raised this defense in its original Answer [Record Doc. No. 8} and in its Supplemental Memorandum in Support of Motion for Summary Judgment, it failed to raise this defense in its Answer to the plaintiff's First Amended Complaint [Record Doc. No. 63]. As such, it is waived.

At a telephone conference on February 10, 2010, the Court instructed plaintiff's counsel to amend plaintiff's Complaint in order to clarify plaintiff's allegations. [Rec. Doc. No. 57]. The plaintiff subsequently filed an Amended Complaint on March 4, 2010. [Rec. Doc. No. 61]. Wilhelmsen then filed an Answer to the First Amended Complaint

which contained no affirmative defense related to the statute of limitations or prescription.

"An amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading." *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994). The plaintiff's First Amended Complaint in this matter does not refer to, adopt, or incorporate by reference anything pertaining to the original Complaint. As such, the original Complaint is of no legal effect. In turn, Wilhelmsen's Answer to the original Complaint is likewise of no legal effect.

"Rule 8(c) characterizes a statute-of-limitations defense as an affirmative defense that is waived unless pleaded by the defendant. *See Fed R. Civ. P. 8(c)*." *Davis v. Huskipower Outdoor Equip. Corp.,* 936 F.2d 193, 198 (5th Cir. 1991). Like the defendant in *Davis*, Wilhelmsen failed to raise the statute of limitations defense in its Answer to the First Amended Complaint. As such, that defense should be deemed to be waived and its arguments pertaining to the alleged prescription of plaintiff's claims for conversion should be disregarded.

**2. IF THE STATUTE OF LIMITATIONS DEFENSE HAS NOT BEEN WAIVED, QUESTIONS OF FACT EXIST AS TO WHETHER THE PLAINTIFF'S CLAIM FOR CONVERSION HAVE PRESCRIBED.**

If Wilhelmsen has not waived the statute of limitations defense, the plaintiff respectfully avers that questions of fact exist as to whether plaintiff's claims for conversion have prescribed, thus precluding summary judgment in favor of Wilhelmsen.

As set forth above, a plaintiff can assert a claim for tortious conversion when a defendant acquires possession of a movable in "an unauthorized manner." Clearly, from

May 2006 through at least December of 2007, Mr. Cascio admits in his declaration that neither he nor Mr. Wilkinson possessed Mr. Matias' passport and other documents in an authorized manner.  In an attempt to remedy this problem, Mr. Cascio then states that he as "instructed" by officers of Homeland Security to retain Mr. Matias' passport and other documents.  [Declaration of Cascio, ¶ 33, Wilhelmsen Exhibit 2].

The foregoing statement by Mr. Cascio is not supported by any documents or other admissible evidence, as other statements in his Declaration are.  As such, his statement that he was "instructed" to do anything by Homeland Security is hearsay.  At the summary judgment stage, affidavits must "set forth facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein."  Fed. R. Civ. P. 56(e).  An affidavit containing hearsay is not admissible in support of summary judgment.  *United States v. 92,903 in United States Currency*, 537 F.2d 504, 508 (5th Cir. 2008).

Given that Mr. Cascio's statement regarding his "instructions" from Homeland Security is hearsay, the plaintiff respectfully avers that questions of fact exist as to whether Mr. Cascio ever was lawfully authorized to retain Mr. Matias' passport and other documents, and summary judgment on the issue of prescription should be denied.

Summary judgment should be denied because prescription does not begin to run on a claim for conversion until the person in unlawful possession of a movable no longer has such possession.  "When the tortious conduct and resulting damages continue, prescription does not begin until the conduct causing the damage is abated."  *South Central Bell Tel. Co. v. Texaco, Inc.*, 418 So.2d 531, 533 (La. 1982).  "Since conversion consists of an act in derogation of the plaintiff's possessory rights, the one-year

5

prescriptive period did not begin to run until plaintiff learned that [the defendant] had disposed of some of the property or until [the defendant] refused plaintiff's request for the return of the property." *Johnson v. Hardy*, 756 So.2d 328, 335 (La. App.1st Cir. 1999).

In this case, Mr. Cascio admits that he did not receive a request for the return of Mr. Matias' passport and other documents from Mr. Matias until April 3, 2009. [Cascio Declaration, ¶ 34]. He admits that he did not surrender possession of Mr. Matias' passport and other documents to the Border Patrol until sometime in the spring of 2009. [Cascio Declaration, ¶ 36]. The Complaint in this matter was filed on April 8, 2009. Clearly, the plaintiff's claims for conversion have not prescribed.

The plaintiff respectfully asserts that questions of fact exist as to whether Mr. Cascio ever lawfully possessed Mr. Matias' passport and other documents and questions of fact exist as to whether the plaintiff's claims for conversion have prescribed. Under the circumstances, Wilhelmsen's Motion for Summary Judgment should be denied.

RESPECTFULLY SUBMITTED:


___s/ David C. Whitmore_____
LAWRENCE BLAKE JONES  (7495)
DAVID C. WHITMORE     (17864)
SCHEUERMANN & JONES
701 Poydras St., Suite 4100
New Orleans, LA 70139
Telephone: (504) 525-4361
Facsimile: (504) 525-4380

RONALD L. WILSON        (13575)
701 Poydras St., Suite 4100
New Orleans, LA 70139
Telephone: (504) 525-4361
Facsimile: (504) 525-4380

DAVID A. DALIA     (01320)
830 Union Street, Suite 302
New Orleans, Louisiana  70112
Telephone:  (504) 524-5541
Facsimile:  (504) 525-0449

## CERTIFICATE OF SERVICE

I do hereby certify that on the 18th day of August, 2010, a copy of the above and foregoing pleading was electronically filed with the Clerk of Court using the CM/ECF system which will send a notice of electronic filing too all counsel of record who have elected e-notification by operation of the court's electronic filing system.  I further certify that, on the aforementioned date, I also served a copy of the foregoing pleading upon all counsel of record who are non-CM/ECF participants via facsimile transmission and/or via hand delivery and/or via the United States mail, postage prepaid and properly addressed.

_____s/ David C. Whitmore_____