UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JOEWEALTH MATIAS | § | CIVIL ACTION NO. 2:09-CV-3256 |
| | § § | |
| VERSUS | § | SECTION "I", MAGISTRATE (4) |
| | § | |
| TAYLORS INTERNATIONAL SERVICES, INC., GLOBAL SEAWAYS (PANAMA), INC., TARGET LOGISTICS, INC., MAINFREIGHT LIMITED, WILHELMSEN SHIP SERVICE, INC., BARWIL AGENCIES (N.A.), INC., and N.D. SHIPPING AGENCY & ALLIED SERVICES, INC. | § § § § § § § | JUDGE LANCE M. AFRICK MAGISTRATE KAREN WELLS ROBY |

**WILHELMSEN SHIP SERVICE, INC.'S
SUPPLEMENTAL MEMORANDUM IN SUPPORT
OF MOTION FOR SUMMARY JUDGMENT**

**MAY IT PLEASE THE COURT:**

Wilhelmsen Ship Service, Inc. ("Wilhelmsen") submits this Supplemental Memorandum in Support of Motion for Summary Judgment in order to reply to the plaintiff's Opposition Memorandum.

**JONES ACT/GENERAL MARITIME LAW**

The plaintiff has conceded that he does not have a claim against Wilhelmsen pursuant to the Jones Act and General Maritime law. Accordingly, Wilhelmsen is entitled to summary judgment on these claims. Further, the plaintiff contends that he suffered a "left parieto-occipital hemorrhage and/or an aggravation of an "arterio-venous malformation" as a result of having to work long hours on the M/V DREAM PRINCESS.[1] Wilhelmsen is also entitled to summary

---

[1] See ¶ 5 of plaintiff's First Amended Complaint. (Rec. Doc. 61).

judgment on any claim for damages related to this injury as it was not caused by the alleged confiscation of his passport, seaman's book and visa.

## PLAINTIFF'S OTHER CLAIMS

The plaintiff contends that he has a cause of action under the Trafficking Victims Protection Re-Authorization Act of 2003, 18 U.S.C. § 1595, the Thirteenth Amendment to the United States Constitution and the Alien Tort Claims Act, 28 U.S.C. § 1350, et. seq. The plaintiff cites no case law to support his contention that he has a cause of action pursuant to these statutes. Moreover, a review of the cited statutes reveals that the plaintiff has no viable claim against Wilhelmsen.

18 U.S.C. § 1595 provides a civil action when a person is subjected to peonage, slavery and trafficking. The plaintiff has conceded in his memorandum that Wilhelmsen did not subject him to "peonage, slavery or involuntary servitude."[2]

28 U.S.C. § 1350 states that "the district court shall have original jurisdiction of any civil action by an alien for a tort only, committed in violation of the Law of Nations or a Treaty of the United States." The statute then references the "Torture Victim Protection Act of 1991," which recognizes a cause of action for "extraditial killing" and "torture." Clearly, this statute is inapplicable to the case at bar.

The Thirteenth Amendment to the United States Constitution was passed on April 8, 1964, and abolished slavery and involuntary servitude. This Amendment is not relevant to the instant matter as the plaintiff has stipulated that he was not subjected to slavery or involuntary servitude.[3]

---

[2] See p. 2 of plaintiff's Opposition Memorandum. (Rec. Doc. 77).

[3] See p. 2 of plaintiff's Opposition Memorandum. (Rec. Doc. 77).

The plaintiff next contends that he has "federal and state common law and tort claims involving the wrongful taking and retention of personal property and passport documents, making false reports to Homeland Security, malicious prosecution, wrongful detention, wrongful taking, false imprisonment, retaliation, mental anguish, defamation and causing other such damages to plaintiff." As indicated in Mr. Cascio's declaration, Wilhelmsen never unlawfully took the plaintiff's passport. Rather, the plaintiff became an illegal alien after he failed to return to the vessel in April, 2006.[4] On May 17, 2006, United States Department of Homeland Security, Customs and Border Protection ("Homeland Security") issued to the M/V DREAM PRINCESS, care of Wilhelmsen, a "Notice to Detain, Remove or Present Alien, I-259," requiring it to present the plaintiff to the "Immigration Office, upon release by doctor."[5] The notice also indicated that Wilhelmsen could be exposed to potential liability under Section 241 of the Immigration & Nationality Act.[6] Wilhelmsen was also instructed to retain any and all immigration documentation, including the plaintiff's passport, seaman's book and visa, pending a Homeland Security investigation and to turn them over to the government.[7] In a nutshell, Wilhelmsen did not improperly or illegally confiscate the plaintiff's passport, seaman's book or visa. Moreover, Cascio, at all times pertinent, following the instructions of Homeland Security.

Any potential claim that the plaintiff may have for conversion under Louisiana law is governed by the one year prescriptive period articulated in La. C.C. Art. 3492. *See Madden v. Madden*, 353 So.2d 1079 (La. App. 2 Cir. 1977); *Southern Chiropractic and Sports*

---

[4] See Declaration Under Penalty of Perjury Pursuant to 28 U.S.C. § 1746 of John Cascio, ¶¶ 18-37). A copy is attached to Wilhelmsen's Motion for Summary Judgment. (Rec. Doc. 70-2).

[5] See Declaration of Cascio, ¶ 18.

[6] See Declaration of Cascio, ¶ 18.

[7] See Declaration of Cascio, ¶ 33.

*Rehabilitation Center, Inc. v. Coleman*, 2008 WL 2582496 (La. 1 Cir. 2008). The prescriptive period commences on the date that the aggrieved party has actual or constructive knowledge of the facts that would entitle him to bring suit. *Jefferson v. Crowell*, 42, 177 (La. App. 2 Cir. 5/9/07), 956 So.2d 746; *Southern Chiropractic and Sports Rehabilitation Center, Inc. v. Coleman, supra*. The plaintiff contends that his passport, seaman's book and visa were wrongfully taken from him after he was discharged from Tulane Medical Center on May 15, 2006. (Matias T-124, 125). He did not file this action until April 8, 2009. Accordingly, any claim he has or may have for conversion is time-barred.

The plaintiff also has no claim for "malicious prosecution, wrongful detention, wrongful taking, false imprisonment, etc." The undisputed facts are that the plaintiff was detained by Homeland Security for approximately 4-5 hours. (Matias T-129-131). He was subsequently released after he obtained a medical parole. He was never detained, imprisoned or held by Wilhelmsen.[8]

## **DAMAGES**

The plaintiff has submitted an affidavit indicating that the taking of his passport "affected me and hurt me a great deal mentally, physically and emotionally." He also concluded that the experience was "miserable, disturbing and humiliating" and it deprived him of "basic rights and privileges." He further claims that he experiences "sleepless nights and fearful thoughts remembering these bad experiences."

The plaintiff was questioned closely during his discovery deposition about his alleged damages. He, at no time, claimed to have suffered the psychological damages that he described in his affidavit. The law is clear that a party cannot submit an affidavit changing his

---

[8] The plaintiff conceded that he had no contact with John Cascio after leaving the M/V DREAM PRINCESS. (Matias T-120, 121). He admitted that he was detained by Tony Biagas of Homeland Security. (Matias T-130, 131).

4

earlier deposition testimony in order to defeat a motion for summary judgment. *Buckner v. Sam's Club, Inc.,* 75 F.3d 290 (7th Cir. 1996); *Kailas v. Colgate-Palmolive Company*, 231 F.3d 1049 (7th Cir. 2000). Thus, his self-serving affidavit should be stricken from the record.

For the aforementioned reasons, Wilhelmsen urges this Court to grant its motion for summary judgment as the plaintiff has no cause of action for the confiscation of his passport, seaman's book and visa and any claim for conversion is time-barred. Further, he has suffered no damages as a result of the taking of his papers.

Respectfully submitted,

**FRILOT L.L.C.**

/s/ *James R. Silverstein*
**JAMES R. SILVERSTEIN (#12074), T.A.**
**ANDREW S. deKLERK (#1045)**
**THOMAS J. BETHUNE, IV (#28313)**
1100 Poydras Street, Suite 3700
New Orleans, LA  70163
Telephone:    (504) 599-8013
Facsimile:     (504) 599-8113
Email:           jsilverstein@frilot.com
**Counsel for Defendant,**
**Wilhelmsen Ship Service, Inc.**

**CERTIFICATE OF SERVICE**

This pleading has been electronically filed with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel who are CM/ECF participants. According to the CM/ECF docket sheet, all parties to this civil action receive electronic notification. Done on August 16, 2010.

/s/   *James   R.   Silverstein*
**JAMES R. SILVERSTEIN**