UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOEWEALTH MATIAS | CIVIL ACTION |
| VERSUS | NO: 09-3256 |
| TAYLORS INTERNATIONAL SERVICES, INC, ET AL. | SECTION:"I" (4) |

## ORDER

Before the Court is a **Motion for Leave to File Amended Answer to Plaintiff's First Amended Complaint (R. Doc. 82)** filed by Defendant, Wilhelmsen Ship Service, Inc. ("Whilhelmsen") seeking an Order from this Court granting leave to amend their Answer to Plaintiff's First Amended Complaint. The Plaintiff has not filed any opposition. The motion was heard on the briefs on, Wednesday, September 22, 2010.

I.  **Background**

Plaintiff, Joewealth Matias ("Matias") is a citizen of the Phillipines and was a member of the crew aboard the M/V Dream Princess. (R. Doc. 61, ¶ 2.) The M/V Dream Princess was docked in New Orleans, Louisiana and provided hurricane relief services following Hurricane Katrina. (R. Doc. 61, ¶ 4.) Allegedly, the M/V Dream Princess was understaffed, and Matias was required to work as a kitchen helper, dishwasher, cleaner, and busboy, among other tasks, from approximately January 21, 2006 through April 9, 2006. (R. Doc. 61, ¶ 5.)

Matias contends that he worked seven days a week, for twelve hours per day during his employment. (R. Doc. 61, ¶ 5.) As a result of his work schedule, Matias contends that he sustained serious injuries, including, but limited to, a left parieto-occipital hemorrhage, creation of or aggravation of an arteriovenous malformation, and an arteriovenous malformation rupture. (R. Doc. 61, ¶ 5.) At some point, Matias contends that the defendants illegally confiscated Matias' passport, visa, and seaman's book. Allegedly, these documents were retained by a representative of Wilhlemsen. (R. Doc. 61, ¶ 14.)

As a result, Matias has asserted several causes of action against the Defendants, including violations of the Jones Act and General Maritime Law, the Trafficking Victims Protection Preauthorization Act of 2003, 18. U.S.C. § 1592, 28 U.S.C. § 1350, and 19 U.S.C. § 1595 for the working condition aboard the M/V Dream Princess and the alleged improper confiscation of his passport and seaman papers. He has also asserted causes of action under tort law in his Amended Complaint including negligence, conversion, intentional infliction of emotional distress, wrongful detention, malicious prosecution, retaliation, and defamation. (R. Doc. 61, ¶ ¶ 15, 21.)

As to the present motion, on February 10, 2010, the presiding Judge ordered Matias to amend his Complaint. (R. Doc. 57, p. 1.) On March 4, 2010, Matias filed his First Amended Complaint. (R. Doc. 61.) On March 15, 2010, Wilhelmson filed their Answer to the First Amended Complaint. (R. Doc. 63.) Although Wilhemsen had raised prescription as a defense to some of Matias' claims in their Answer to the First Complaint, they failed to include prescription as an affirmative defense in their Answer to the First Amended Complaint. (R. Doc. 82-1, p. 2.)

On July 20, 2010, Wilhelmsen filed a Motion for Summary Judgment. (R. Doc. 70.) In their Supplemental Memorandum in Opposition to Motion for Summary Judgment, Matias asserted that

because Wilhemsen failed to include the affirmative defense in their Answer to the First Amended Complaint, the defense was waived. (R. Doc. 81.) As a result, Wilhemsen filed this motion seeking leave to amend their Answer to the First Amended Complaint to include the affirmative defense of prescription.

## II.     Standard of Review

Federal Rule of Civil Procedure ("Rule") 15(a)(2) governs the amendment of pleadings and provides that a "court should freely give leave when justice so requires." The Rules "reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Conley v. Gibson*, 355 U.S. 41, 48 (1957).

Thus, Rule 15(a) evinces a liberal amendment policy and a motion to amend should not be denied absent a substantial reason to do so. *See Jacobsen v. Osborne*, 133 F.3d 315, 318 (5th Cir. 1998). Furthermore, "this 'policy' is strongest when the motion challenged is the first motion to amend." *Thompson v. New York Life Ins. Co.*, 644 F.2d 439, 444 (5th Cir. 1981). Permission may be granted even though the original pleading is defective in its statement of a claim for relief or defense. *Id.*

However, leave to amend is by no means automatic. *Addington v Farmer's Elevator Mut. Ins. Co.*, 650 F.2d 663, 666 (5th Cir. 1981). The decision to grant or deny a motion for leave to amend lies within the sound discretion of the trial court. *Id*. In exercising its discretion, the trial court may consider such factors as: (1) undue delay, bad faith, or dilatory motive by the movant; (2) the repeated failure to cure deficiencies by previously allowed amendments; (3) undue prejudice to the opposing party if the amendment is allowed; and (4) futility of the amendment. *Gregory v.*

*Mitchell*, 634 F.2d 199, 203 (5th Cir. 1981).

Rule 15(a) must be considered in conjunction with Rule 16(b)(4), which provides that "[a] schedule may be modified only for good cause and with the judge's consent." *Id.* Similarly, the Scheduling Order in this case provides that deadlines "may only be extended by the Court upon timely motion filed in compliance with the Plan and Local Rules and upon a showing of good cause." (R. Doc. 28, p. 3.)

To demonstrate good cause, the movant must show that "the deadlines cannot be reasonably met despite the diligence of the party needing the extensions." *S&W Enters., LLC v. S. Trust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003). A court considers four factors in determining good cause: (1) the explanation for the failure to timely move for leave to amend; (2) importance of the amendment; (3) the potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice. *Id.* at 536.

### III. <u>Analysis</u>

According to the presiding Judge's Scheduling Order, amendments to pleadings were due no later than Friday, April 2, 2010. (R. Doc. 59, p. 2.) Although the deadline to extend defense expert witness reports was extended on August 3, 2010, the presiding Judge specifically express that "[a]ll other deadlines remain in full effect. (R. Doc. 72.) This motion was not filed until August 20, 2010, some eighteen (18) days after the deadline, and is thus untimely.

When, as here, the deadline for seeking leave to amend pleadings has expired, a court considering the motion to amend must first determine whether to modify the scheduling order under the good cause standard for Fed.R.Civ.P. 16(b)(4). *See S & W Enters., L.L.C. v. South Trust Bank of Ala., N.A.,* 315 F.3d 533, 536 (5th Cir.2003); *Valcho v. Dallas County Hosp. Dist.,* 658 F.Supp.2d

802, 814 (N.D.Tex.2009) (Fitzwater, C.J.).

In their motion for leave to file an amended answer, Wilhelmsen failed to address the good cause standard or the four-part test under which the court assesses whether to amend a scheduling order. Instead, Wilhemsen asserts that the Court should grant leave to amend under Rule 15(a).

When a party files an untimely motion for leave to amend and does not address the good cause standard under Rule 16(b)(4), the Court can deny the motion for that reason alone. *Wachovia Bank, Nat'l. Assoc. v. Schlegel*, No. 09-1322 2010 WL 2671316 (N.D. Tex. June 30, 2010)(Fitzwater, J.) Here, Wilhemsen has failed to address Rule 16(b)(4) or the good cause standard. Therefore, the Court denies their motion for leave to file an answer to the first amended complaint.

**IV. Conclusion**

Accordingly,

**IT IS ORDERED** that Wilhemsen Ship Service, Inc.'s **Motion for Leave to File Amended Answer to Plaintiff's First Amended Complaint** (R. Doc. 82) is hereby **DENIED.**

New Orleans, Louisiana, this 23rd day of September 2010

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**